McGREGOR W. SCOTT
United States Attorney
MICHAEL G. TIERNEY
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMONCHITO RACION,<br><br>Defendant. | CASE NO. 1:20-CR-00020-NONE SKO<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND SET BRIEFING SCHEDULE |

## BACKGROUND

On February 3, 2020, the parties appeared for arraignment and set a further status conference on May 18, 2020. Doc. 34. Since that time, public health concerns related to the coronavirus-19 (COIVD-19) pandemic have prompted various actions to limit the spread of the disease. In particular, the Court has issued a series of General Orders, including General Orders 611 and 617 (the "General Orders"), closing courthouses to the public and taking a number of other actions to safeguard public health.

In light of those concerns and to provide for adequate opportunity to resolve outstanding legal matters, the parties now wish to continue the status conference and set a briefing schedule.

Regarding the health concerns raised by COVID-19, the General Orders address the district-wide health matters, the Supreme Court has, however, emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," and therefore "demands on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).

"[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 18, 2020.

2. By this stipulation, defendant now moves to continue the status conference until August 17, 2020, and to exclude time between May 18, 2020, and August 17, 2020, under Local Code T4.

3. The defendant anticipates filing a motion to dismiss or motion for a bill of particulars. The parties request the following briefing schedule:

   a) Motion to be filed on or before June 15, 2020;
   b) Opposition to be filed on or before July 6, 2020;
   c) Reply to be filed on or before July 20, 2020;
   d) Hearing to be held on July 31, 2020 @ 8:30 AM in Courtroom 4 (DAD) before District Court Judge Dale A.Drozd.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The parties require adequate time to research and brief the legal merits of the defendant's potential motion.
   b) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and to discuss the government's further investigations.
   c) The government does not object to the continuance.
   d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.
   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 18, 2020 to August 17, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 13, 2020
McGREGOR W. SCOTT
United States Attorney

By: /s/ Michael G. Tierney
MICHAEL G. TIERNEY
Assistant United States Attorney

Dated: May 13, 2020

By: /s/ Eric P. Kersten
ERIC P. KERSTEN
Attorney for Ramonchito Racion

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **May 13, 2020**               /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE