McGREGOR W. SCOTT
United States Attorney
MICHAEL G. TIERNEY
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>         v.<br><br>RAMONCHITO RACION,<br><br>                     Defendant. | CASE NO. 1:20-CR-00020-DAD<br><br>STIPULATION AND ORDER TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS INDICTMENT |

**BACKGROUND**

On August 17, 2020, the court set a motions hearing on October 30, 2020, on the defendant's motion to dismiss the indictment in this case. Doc. 50. Defendant filed his motion on September 14, 2020. Doc. 56. The government filed its opposition on October 9, 2020. Doc. 59. And the defendant filed his revised reply on October 27, 2020. Doc. 62. The parties have conferred and now stipulate to continuing the hearing on the motion until **November 19, 2020, at 10:30 a.m.**

The parties request this continuance because the government has been attempting to obtain a superseding indictment in this case that may resolve some, though not all, aspects of the defendant's motion to dismiss. However, because of the coronavirus-19 (COIVD-19) pandemic and logistical issues with convening a grand jury because of the pandemic, the government has been unable to make the grand jury presentation. The government anticipates resolving those logistical issues in the next few weeks and presenting the case to the grand jury.

1

Public health concerns related to the COIVD-19 pandemic have prompted various actions to limit the spread of the disease.  In particular, the Court has issued a series of General Orders, including General Orders 611 and 617 (the "General Orders"), closing courthouses to the public and taking a number of other actions to safeguard public health.

Regarding the health concerns raised by COVID-19, the General Orders address the district-wide health matters, the Supreme Court has, however, emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," and therefore "demands on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the aforementioned and following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the motions hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a hearing on October 30, 2020.

2. By this stipulation, defendant now moves to continue the hearing on the motion to dismiss until November 19, 2020 at 10:30 a.m., and to exclude time between October 30, 2020, and November 19, 2020, under Local Code T4.

3. The government anticipates presenting this case to the grand jury for a superseding indictment that will resolve aspects of the defendant's motion to dismiss.  The parties agree and stipulate, and request that the Court find the following:

    a) The parties require this limited extension to resolve aspects of defendant's motion.

    b) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and to discuss the government's further investigations.

    c) The government does not object to the continuance.

    d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 30, 2020 to November 19, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 28, 2020                              McGREGOR W. SCOTT
                                                     United States Attorney

                                              By:  /s/ Michael G. Tierney
                                                   MICHAEL G. TIERNEY
                                                   Assistant United States Attorney

Dated: October 28, 2020

                                              By: /s/ Eric T. Kersten
                                                  ERIC T. KERSTEN
                                                  Attorney for Ramonchito Racion

**FINDINGS AND ORDER**

IT IS SO ORDERED.

   Dated:   **October 28, 2020**                     _____
                                                     UNITED STATES DISTRICT JUDGE

4