UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMONCHITO RACION,<br><br>Defendant. | No. 1:20-cr-00020-NONE-SKO<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT<br><br>(Doc. No. 56) |

Pending before the court is defendant Ramonchito Racion's motion to dismiss the Superseding Indictment in this case. (Doc. Nos. 56, 73.) On December 18, 2020, the motion came before the court for hearing. (Doc. No. 75.) Assistant U.S. Attorneys Michael Tierney and Justin Gilio appeared on behalf of the government and Assistant Federal Public Defender Eric Kersten appeared on behalf of defendant Racion. (*Id*.) Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will deny defendant's motion to dismiss.

## BACKGROUND

Defendant Racion is charged by way of the Superseding Indictment in three counts. (Doc. No. 66.) The first count charges him with attempted sexual abuse in violation of 18 U.S.C. § 2242(2)(B) ("Count 1"). (Doc. No. 66 at 1 ("on or about June 7, 2019 to June 11, 2019"

1

defendant "knowingly attempted to engage in a sexual act with [victim] while [victim] was physically incapable of declining participation in . . . that sexual act").) The second count charges him with abusive sexual contact in violation of 18 U.S.C. § 2244(b) ("Count 2"). (Doc. No. 66 at 2 ("on or about June 7, 2019 to June 11, 2019" defendant "knowingly engaged in sexual contact with [victim] without [victim]'s permission").)[1] The third count also charges him with abusive sexual contact in violation of § 2244(b) ("Count 3"). (Doc. No. 66 at 2 ("on or about April 1, 2019 to May 11, 2019" defendant "knowingly engaged in sexual contact with [victim] without [victim]'s permission").)[2]

The original Indictment in this case, returned on January 30, 2020, had charged defendant in only two counts, the first alleging attempted sexual abuse "beginning on or about June 7, 2019 and continuing thereafter through June 11, 2019" and the second charging abusive sexual contact "beginning on or about April 1, 2019 and continuing thereafter through June 11, 2019." (Doc. No. 32.) On June 22, 2020, defendant filed a motion seeking a bill of particulars, arguing that the time period and reference to general sexual acts in the original Indictment did not adequately apprise him of the conduct with which he was being charged. (Doc. No. 45 at 7–8.) The motion for a bill of particulars was denied on August 17, 2020. (Doc. No. 55 at 27–28.)[3]

On September 14, 2020, defendant moved to dismiss the original Indictment arguing that the first count of that Indictment was legally insufficient because in alleging a five day period of time, it failed to adequately apprise him of the alleged conduct against which he must defend at

---

[1] Counts 1 and 2 appear to focus on the allegation that defendant performed oral sex on the victim without the victim's consent. (Doc. Nos. 73 (Defendant's Supplemental Brief) at 3 ("[T]he offense charged in Count One and Count Two appear to be separate charges based on the exact same incident."); *see also* 56 (Defendant's Motion to Dismiss) at 3–4 (summarizing that incident).)

[2] Count 3 appears to focus on the allegation that defendant gave the victim a backrub and subsequently touched the victim's groin without the victim's consent. (Doc. No. 73 (Defendant's Supplemental Brief) at 4 (explaining defendant "suspects" Count 3 arises from that incident).)

[3] In denying that motion, the magistrate judge addressed defendant's counsel, noting: "[Y]ou've clearly indicated that you are aware of what the charges are, the dates and times of the transactions so that you can prepare a defense, and it sounds like you've got some great avenues of defense to pursue to defend against these charges[.]" (Doc. No. 55 at 18:8–12.)

trial and that the second count was both duplicitous and legally insufficient.  (Doc. No. 56.)  The government responded and defendant filed his reply thereto.  (Doc. Nos. 59, 60.)

Conceding that the second count as alleged in the original Indictment was duplicitous, the government sought and obtained the return of the Superseding Indictment on November 5, 2020, charging defendant in Counts 1–3 as summarized above.[4]  (Doc. No. 66.)  After the Superseding Indictment was returned, on December 4, 2020, defendant filed a supplemental brief in support of his motion to dismiss the original Indictment.  (Doc. No. 73.)  Therein, defendant argued that Counts 1–3 of the Superseding Indictment should be dismissed because the time periods alleged in connection with each count failed to adequately apprise him of the conduct with which he was being charged and against which he must defend at trial.  (*Id.*)

## APPLICABLE LEGAL STANDARDS

"Dismissal of an indictment is considered a drastic step and is generally disfavored as a remedy."  *United States v. Fuchs*, 218 F.3d 957, 964 (9th Cir. 2000) (internal quotations and citation omitted).  The Rules of Criminal Procedure require that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged[.]"  Fed. R. Crim. P. 7(c)(1).  "An indictment is sufficient if it (1) 'contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend' and (2) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  "An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence

---

[4] The first count of the original Indictment is nearly identical to Count 1 of the Superseding Indictment, except the time period in Count 1 is now alleged more definitively.  (*Compare* Doc. Nos. 32 at 1 ("beginning on or about June [7], 2019, and continuing thereafter through June 11, 2019"), *with* 66 at 1 ("on or about June 7, 2019 to June 11, 2019").)  The second count in the original Indictment, which the government conceded was duplicitous, is now charged in the Superseding Indictment as two separate counts.  Specifically, in Count 2 the same time frame is alleged as is alleged in Count 1.  (Doc. No. 66 at 1–2.)  Count 3 also now alleges a more definite time period in comparison to that alleged in the original Indictment.  (*Compare* Doc. Nos. 32 at 2 ("beginning on or about April 1, 2019, and continuing thereafter through June 11, 2019"), *with* 66 at 2 ("on or about April 1, 2019 to May 11, 2019").)

upon which the government will rely to prove those facts." *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). The precise date on which an offense allegedly occurred is not an essential element that must be included in an indictment. *Berg v. United States*, 176 F.2d 122, 126 (9th Cir. 1949). Thus, "[e]ven if it be true that the date alleged for the commission of a crime is not a true one or even a possible one, this does not invalidate the indictment." *Id.*; *see also Ledbetter v. United States*, 170 U.S. 606, 612 (1898) ("Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient."); *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997) ("The government ordinarily need prove only that the crime occurred on a date reasonably near the one alleged in the indictment, not on the exact date.")

**ANALYSIS**

Defendant Racion moves to dismiss the Superseding Indictment arguing that the time period alleged in Counts 1–3 fail to adequately apprise him of the charged conduct against which he must defend at trial. As to Count 1, defendant argues that the language "on or about June 7, 2019 to June 11, 2019" implies that "the offense was either continuing, or that it occurred at a time unknown." (Doc. No. 73 at 2.) Defendant argues that the criminal complaint and all the discovery produced by the government to the defense to date indicate that the alleged conduct underlying Count 1—an attempt to perform oral sex without the victim's permission—occurred on a specific date, *i.e.*, in the early morning hours of June 8, 2019. (*Id.*) As to Count 2—which appears to be premised on the same conduct charged in Count 1 and employs identical language regarding the time period within which the conduct took place—defendant makes the same argument and "reincorporates all arguments supporting dismissal of Count One[.]" (*Id.* at 3.) Finally, as to Count 3—which focuses on the alleged backrub and nonconsensual touching of the victim's groin—defendant argues that the language "on or about April 1, 2019 to May 11, 2019" is also legally insufficient, and he therefore "incorporates all arguments supporting dismissal of Counts One and Two[.]" (*Id.* at 4.) The government opposed defendant's initial motion to dismiss the original Indictment on the basis that the time periods alleged therein did provide the

defendant with adequate notice of the conduct with which he was charged and was sufficient to permit him to prepare an adequate defense against the charges at trial.  (*See* Doc. No. 59.)

As a general proposition, "although an indictment cannot be completely open-ended, . . . an indictment that specifies an end date is sufficient to apprise defendants of the charges and enable[s] them to prepare a defense[.]"  *United States v. Forrester*, 616 F.3d 929, 940–41 (9th Cir. 2010) (internal citation omitted); *United States v. Pac. Gas & Elec. Co.*, 153 F. Supp. 3d 1048, 1052 (N.D. Cal. 2015) (same); *see also United States v. Hallock*, No. 2:06–CR–396 JCM, 2014 WL 1053596, at *6 (D. Nev. Mar. 14, 2014) ("[T]he Ninth Circuit has repeatedly held that indictments specifying an end date to criminal activity without specifying a start date are sufficiently specific.").  On one end of the spectrum, a valid indictment cannot fail to allege any time period with respect to the commission of the charged offense whatsoever.  *See United States v. Cecil*, 608 F.2d 1294, 1296–97 (9th Cir. 1979) (holding that an indictment, which charged the defendant with conspiracy to traffic marijuana, was invalid where it alleged that the charged conspiracy took place in Arizona, Mexico, and elsewhere and provided the names of some co-conspirators, but failed "to state any other facts or circumstances pertaining to the conspiracy" and "[m]ore importantly," also failed "to place the conspiracies within any time frame.").  On the other end of the spectrum, indictments alleging a fixed but approximate time period regarding the commission of the charged offense "serve[] to prevent any dickering over the small technicality of an exact date" and do not automatically invalidate an indictment.  *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983) (discussing the propriety of the phrase "on or about" as opposed to the open-ended terms of "on or before" and "on or after" in charging documents).

Here, each count of the Superseding Indictment alleges a fixed time period in a manner that apprises the defendant of the charged conduct against which he must defend at trial.  Counts 1 and 2 allege that the attempted assault and the assault itself occurred within a five-day window, *i.e.*, on or about June 7 to June 11, 2019.  First, this time period as alleged is sufficiently narrow so that even the defendant himself has surmised that the alleged conduct underlying Counts 1 and 2 concerns the alleged act of attempting to and performing oral sex on the victim without the victim's consent.  (*See* Doc. No. 46 (Defendant's Motion for Bill of Particulars) at 4

(summarizing the allegations of the June 8, 2019 incident), 7 ("request[ing] *confirmation* that [the] June 8 incident is the attempted act [defendant] is being charged with committing") (emphasis added).)  Second, and relatedly, at the hearing on the motion for bill of particulars, defense counsel indicated a plausible trial strategy aimed at discrediting the victim's account of events regarding the early-June incident because the various pieces of evidence "don't match up." (*See* Doc. No. 55 at 4:16–23.)  Indeed, defendant recently filed a notice of intent to present an alibi witness at trial in connection with the alleged early-June 2019 incident.  (Doc. No. 74.)  *See United States v. Holmes*, No. 5:18-cr-00258-EJD, 2020 WL 666563, at *7 (N.D. Cal. Feb. 11, 2020) ("Ironically, the fact that Defendants can pick apart the truth of the events in the indictment indicates that the [superseding indictment] is constitutionally sound—it means Defendants *know* what they will face at trial.").  Third, the time periods alleged in Counts 1 and 2 of the Superseding Indictment, as the government puts it, "is what the evidence reflects" in this case. (Doc. No. 59 at 4.)  For example, as noted above, defendant argues that the complaint and all of the discovery produced to the defense to date indicate that the alleged conduct occurred during the early morning hours of June 8, which could reasonably encompass the late hours of June 7 as well, when it has been suggested the defendant and the victim returned to their residence after attending a concert.  (Doc. Nos. 73 at 2; *see also* 56 at 3–4 (defendant's summary of the facts).) Moreover, as the government points out, the discovery in this case, including defendant's own statements, indicates that the incident leading to the charges alleged in Counts 1 and 2 may have occurred on another date but within the short time period alleged in both Counts 1 and 2.  (*See* Doc. No. 59-3 (Defendant's Interview with Law Enforcement) at 7 ("Maybe – maybe I'm – I'm – I was wrong with the date.  You know.").)  For these reasons, the court concludes that the time periods alleged in Counts 1 and 2 of the Superseding Indictment provide defendant with adequate notice of the conduct with which he is charged.  Accordingly, his motion to dismiss those counts of the Superseding Indictment will be denied.

Likewise, the court concludes that the allegations of Count 3 of the Superseding Indictment also afford defendant with adequate notice of the charged conduct by providing a fixed time period during which the charged assault was allegedly committed, despite the fact that

it encompasses a month as opposed to merely several days.  (Doc. No. 66 at 2 ("on or about April 1, 2019 to May 11, 2019").)  The court notes that the government did not address in its opposition to defendant's initial motion to dismiss the original Indictment this longer time period that is now alleged in the Superseding Indictment.  (*See* Doc. No. 59 at 6.)  The government also did not respond to defendant's supplemental brief until the December 18, 2020 hearing.  Nonetheless, the law is clear that an indictment alleging an end date with respect to the charged criminal offense is sufficient, even if no beginning date is alleged.  *See Hallock*, 2014 WL 1053596, at *6; *see also Forrester*, 616 F.3d at 940–41.  Here, by contrast, the charge set forth in Count 3 of the Superseding Indictment alleges both a start and end date.  (Doc. No. 66 at 2.)  Further, it appears that defendant and his counsel understand the nature of the conduct alleged in Count 3 and that the defense has been able to formulate a plausible trial strategy based upon that understanding:

> Mr. Racion suspects Count Three arises from an instance when Racion gave S.K. a backrub at the Lost Arrow Dorm, where the men resided prior to moving to "Boystown."  The backrub occurred after S.K. complained about soreness in his neck, back and shoulders after a hard day at work.  According to discovery, S.K. now claims Racion touched him in the groin area without permission during the backrub.

(Doc. No. 73 at 4.)  *See Holmes*, 2020 WL 666563, at *7.  Therefore, the court concludes that the time period alleged in Count 3 of the Superseding Indictment does provide defendant with adequate notice of the charged offense and is sufficient to allow him to prepare a defense to that charge.  Accordingly, defendant's motion to dismiss Count 3 of the Superseding Indictment will also be denied.

Finally, in addition to arguing that the time periods alleged in Counts 1–3 of the Superseding Indictment are legally insufficient, defendant appears to argue that the specific acts allegedly committed by defendant, *i.e.*, performing oral sex on the victim and touching the victim's groin during a backrub, must be alleged in order for the Superseding Indictment to be valid.  (*See* Doc. No. 56 at 10.)  Defendant has failed to present any legal authority in support of this argument.  In any event, the court concludes that a failure to allege the particular sexual acts committed by defendant is not fatal to the sufficiency of the Superseding Indictment.  *See, e.g.*, *Mims v. United States*, 332 F.2d 944, 946–47 (10th Cir. 1964) (holding that the indictment was

not invalid because it failed to allege the "species of assault, threat or intimidation" committed by the defendant). Therefore, defendant's motion to dismiss the Superseding Indictment due to the failure to allege the specific acts constituting the charged sexual assaults will be denied as well.

**CONCLUSION**

For these reasons, defendant Racion's motion to dismiss the Superseding Indictment (Doc. Nos. 56, 73) is denied.

IT IS SO ORDERED.

Dated: **February 3, 2021**　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE